## APRIL TERM, 1891.

### MATTHEWS ET AL. V. PATTERSON.

CORPORATION — ACTION AGAINST OFFICER FOR CORPORATE DEBT.— A complaint against an officer of a corporation seeking to have him adjudged liable for a corporate debt for failure of the officers of the corporation to make an annual report, as required by sections 252, 255, General Statutes, pages 184–85, is properly held insufficient on demurrer which shows on its face that the defendant made, verified, and filed in the proper office, within the time required, such a report as the statute calls for. The complaint is not aided by an averment that the statements contained in the report are false and fraudulent, without averring that defendant knew them to be so. Section 252 attaches no penalty for false statements, and section 255 only imposes the liability for damages against an officer who shall sign a false report knowing it to be false.

*Error to Superior Court of Denver.*

THE judgment sustained a demurrer to the complaint. The substantial averments of the pleading were that the Union Smelting & Refining Company was a Colorado corporation organized in 1885, which afterwards bought of the plaintiffs large quantities of ore, and failed to pay about $8,500 of the purchase price. On the 17th day of February, 1886, the company filed in the office of the clerk and recorder of the county of Clear Creek, the county of its place of business, a report which stated that the capital stock of the company was $500,000, of which $407,500 was paid in property and $52,500 in cash, and put the amount of their existing debts at $9,138.31. The report was subscribed by one Lee, as the treasurer of the company; and by the president of the company, who is the defendant in the suit, who made oath to its accuracy, and filed it in the proper office. These general allegations were followed by this paragraph:

"Plaintiff in fact further says that the said pretended report was and is false and fraudulent in this, to wit: That the capital stock of said company, $407,500, never was paid in property; nor was any part nor share thereof, save the part of $10,000, or thereabouts, paid in property; nor was $2,500 of said capital stock paid in in cash at any time before the filing of said certificate report."

The plaintiffs then proceeded to aver that, save as stated, the company did not, within sixty days from the 1st day of January, make any report as required by the statute. This is followed by a general averment of the non-payment of the capital stock, a failure to file a certificate, and a demand for judgment. The complaint contains a further allegation that the certificate was not verified, although it is signed in the following form: "I, Charles B. Patterson, president of the Union Smelting & Refining Company, do certify that I have examined the foregoing report, and find the same to be correct. CHARLES B. PATTERSON. [Seal.] Subscribed and sworn to before me this 15th day of January, 1886. PETER WYNNE, Notary Public."

The two sections of the statute involved in the decision are sections 252 and 255. The first requires that every corporation shall annually make a report, "which shall state the amount of its capital, the proportion actually paid in, and the amount of existing debts." The report must be signed, verified by oath, be under the seal of the company, and filed in the office of the recorder of the county. A failure to comply with the provisions of this section makes all the directors and trustees jointly and severally liable for all the debts of the company contracted during the year preceding the time fixed for filing the report.

Section 255 is as follows: "If any certified report or statement made, or public notice given, by the officers of any corporation, shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all damages arising therefrom."

Messrs. WELLS, McNEAL & TAYLOR, for plaintiffs in error.

Messrs. MARKHAM & DILLON and Mr. E. A. CLARK, for defendant in error.

BISSELL, C. It is clear that, in the enactment of the two sections of the statute contained in the statement of facts, the legislature intended to subject the officers and trustees of corporations to a statutory liability for the debts of their companies under two very dissimilar conditions. The first section imposes a joint and several liability upon the officers and trustees of corporations for a failure to file the report provided for in that portion of the statute. The liability results from a failure to perform the statutory duty. It makes no difference whatever whether the defaulting trustee did or did not sign the report. The other section imposes a like penalty upon the officer or trustee making and signing the report knowing it to be false. It will be observed that in the latter section there are two elements essential to the liability: *First*, a participation in the report by an actual signing; and *second*, a knowledge of the falsity of that which is made.

A casual inspection of the allegations of the complaint will make it apparent that in this case a recovery was sought upon the ground that the report was untrue and false in a material representation, and therefore not a report as required by section 252 of the statute. The real *gravamen* of the complaint is to be found in the allegations setting out a failure to file a report. It cannot be seriously contended that the allegation that the report was false and fraudulent brings the case within section 255, although the action was brought alone against the trustee who signed it. In order to charge him under that section it was necessary to aver, not only that the certificate as made and signed by him was false in some material representation, but also that he knew it to be false. This guilty knowledge is made essential to the liability by the express terms of the statute, and in order to charge the officer with the severe penalty im-

posed there must be some allegations indicating that it was made for some fraudulent purpose and with knowledge of its falsity. *Pier v. Hanmore*, 86 N. Y. 95; *Stebbins v. Edmands*, 12 Gray, 203; *Bonnell v. Griswold*, 89 N. Y. 122.

Since it is apparent that upon the complaint the action could not be maintained under the section establishing a liability for filing a report which is known to be false by the officer making it, it leaves the very simple question as to whether, if a report be filed which is false, there can be said to have been a failure to file a report as required by the other section. If the report set out in the complaint be analyzed, and compared with the statute, it is impossible to hold that it is not in form a compliance with its provisions. It was filed within the time designated. It states the amount of capital stock, the amount which was paid in cash, and the amount paid in property. It was signed by one of the officers charged with the duty, and was sufficiently verified to satisfy the statutory requirement. It therefore would seem that the company did not fail to do what the statute required. But the contention is that a false report is no report, and the inquiry ought to be; not only whether the report was made, but whether it was true, and, if not true, then that all the trustees are liable whether they did or did not sign the report. This cannot be the purpose, nor is it the plan, of the statute. The subsequent section contemplates the possibility of a false report, and provides a penalty. As was well said by the court in *Bonnell v. Griswold*, 80 N. Y. 128: " The statute does not declare that, if false, it shall be as no report, or annul it. It leaves the report in its place as part of the the scheme or plan provided by statute, and imposes a penalty or punishment upon those who signed it knowing it to be false, and upon no others. Not all, then, who signed the false report are liable therefor, but only those who signed it knowing it to be false. As the statute makes this discrimination, the court cannot ignore it."

It is impossible to import into the statute a time or a

condition for the purpose of extending or imposing a penalty. The statutory liability provided for by section 252 can only arise in the specific case designated by the statute, to wit, a failure to file a report in compliance with its provisions. If that be done, then the trustees are not liable, even though the report be totally and wholly false; and the party must seek his remedy therefor under the section which provides a penalty in such case, and pursue the officers who are knowingly guilty of the misrepresentation for which the statute has provided a penalty. This doctrine is well supported by the New York cases, and is a reasonable and safe construction. The demurrer was properly sustained, and the judgment should be affirmed.

RICHMOND and REED, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*