Wilson, _P. J.
This suit was brought to enforce the personal liability of directors for the debt of the corporation, because of a failure to file the annual report as required by statute. — Gen. Stats., sec. 252; Mills’ Ann. Stats., sec. 491. Neither the existence of the debt nor the liability of the corporation therefor is contested; and that it was incurred within the year preceding the *39 time when the annual report should have been filed, is conceded. It is also admitted that the annual report was not filed within the sixty days from the first of January, nor indeed at any time before the commencement of this suit. It is also admitted that a certificate of full paid-up capital stock had not been filed in any office where it was required to be filed prior to the expiration of the time 'limited for the filing of the annual report. Such a certificate was prepared, signed and verified on February 28, but it was not filed in any office until March 7.. The time limited for the filing of the annual report expired March 1; the certificate of paid-up capital stock was therefore filed six days too late. Under the plain reading of the statute — and it has been repeatedly so held by this court- — a right of action by a creditor against the defaulting directors accrued immediately upon default being made. By the plain language of the act, the only thing which would excuse the making of this report would be the making and filing of the certificate of paid-up stock, previous to the expiration of the time when the annual report was required to be made. The making alone would not excuse it because the statute reads, ‘ ‘ made and filed. ’ ’ There is no room for construction. Both the making and the filing were required. The requirement is a most reasonable one, too, because it is the filing alone which gives the requisite publicity, and which in reality effectuates the purpose and intent of the statute. It certainly cannot be contended that this court would have any power to extend the time six days, or even one day. If so, we might with the same propriety extend it thirty days, or sixty days. Instantly upon the default being made with reference to the filing of the annual report within the time limited, a right of action accrued to the plaintiff against the directors. — Colo. Fuel & Iron Co. v. Lenhart, 6 Colo. *40 App. 515; Thatcher v. Salomon, 16 Colo. App. 150, 64 Pac. 369; Hazelton v. Porter, 17 Colo. App. 1, 67 Pac. 170. Nothing which the directors could subsequently do could relieve them from the liability which had attached, and most certainly it is not within the power of this court to grant them relief from the consequences of their default, incurred by a failure to comply with a mandatory requirement of the statute.
The New York cases cited by counsel are not in point, because evidently based upon a different statute. Ours is not silent as to the time within which the certificate of paid-up stock must be filed. By the plain and unmistakable language of ours, as we have seen, this certificate must be not only made but filed before the expiration of the time for filing the annual report, in order to relieve the.directors from liability.
This is the only question in the case. Upon the conceded facts, any other judgment than that which was rendered would have been manifest error. The judgment was clearly correct, and will be affirmed.

Affirmed.