## No. 9609.

## HOOVER v. SCHOTT.

APPEAL AND ERROR—*Practice.* The presumption to the judge of the court below of a record on error, and its certificate by His Honor, upon the statement of opposing counsel that they have no objection, amounts to an Agreed Record.

But the record must be certified by the clerk of the court as required by Rule 27.

*Error to Mesa County Court, Hon. N. C. Miller, Judge.*

*Department Two.*

### Motion for Supersedeas.

Mr. W. S. FURMAN, for plaintiff in error.

Mr. R. H. WALKER and Mr. SCOTT W. HECKMAN, for defendant in error.

Opinion by Denison, J.

THE plaintiff in error was plaintiff below. The case was appealed from justice of the peace and tried in the County Court of Mesa County. After the motion for new trial was overruled thirty days was given for a bill of exceptions. Before the thirty days expired the court, on motion of the plaintiff, granted further time, but no notice was given of the motion. No bill of exceptions appears in the record. The record as presented to this court consists of a record on error, certified by the judge after the expiration of the thirty days, but during the extension, to be "a full, exact and complete record of the proceedings had and evidence introduced in the trial of said cause," and a transcript of orders of court certified by the clerk. Being an appeal from the justice of the peace, there is no record except the orders of the County Court and the transcript of the evidence. No error appears in the orders.

The plaintiff in error moves for a supersedeas; the defendant in error insists that since there is no bill of exceptions, properly so called, there is no record showing any error, and therefore the supersedeas should be denied; and also insists that since the motion for extension of time for

a bill of exceptions was granted without notice, it is a nullity, and the record on error can be nothing more than a bill of exceptions, and as it was signed after the time for a bill of exceptions had expired, there is no record before this court.

The plaintiff in error asserts, and it is not denied by the defendant in error, that upon the presentation of the record on error to the court below to be certified, the attorneys for the defendant in error stated that they had no objections to it. Under the rules of 1914, this record on error would have been sufficient, no objection having been made and it being certified by the judge. Under the present rules the record must be transcribed for this court (with a bill of exceptions if necessary) unless under Rule 27 (161 Pac. IX) the parties to the action agree upon a record on error, in which case a bill of exceptions is not required.

We think that the presentation of the record on error to the court below, and its certification by the judge upon the statement of counsel that they had no objection, amounts to an agreed record on error, and upon consideration thereof we think there is sufficient evidence of error to justify the granting of the supersedeas.

The record before us is not certified by the Clerk of the County Court, as required by Rule 27, but the certificate may be supplied, and when that is done, the supersedeas should be granted.

Garrigues, C. J., and Scott, J., concur.