## No. 9798.

### SCHROEDER ET AL v. SNARR.

1. CORPORATIONS—*Failure to file annual report—Complaint of creditor*, failing to show whether no report was filed, or whether that filed did not with sufficient detail set out the particulars required by the statute, is insufficient in law.

2. FALSE REPORT—*In due form*, is sufficient to protect the directors from liability under c. 102 of the Acts of 1911.

The directors responsible for a false report are liable under Rev. Stat. sec. 876.

*Error to Ouray County Court, Hon. E. G. MacAdams, Judge.*

Application for supersedeas.

Mr. CARL J. SIGFRID, for plaintiffs in error.

Mr. E. E. WHEELER, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE defendant in error brought suit against the plaintiffs in error, as directors of a corporation, to recover from them a debt of the corporation, the ground of their alleged liability being the failure of the corporation to file an annual report. A general demurrer to the complaint was overruled. The defendants answered and the cause was tried to the court.

Judgment was entered for the plaintiff and the defendants bring error. Paragraph 2 of the Complaint reads as follows: "That said, The Calliope Consolidated Mining Company did fail, refuse and omit, within the sixty (60) day period following the first day of January, of the year A. D. 1919, to file in the office of the Secretary of State, an annual report showing the amount of the indebtedness of said corporation, at the date of filing said report, and such other information as would show, with reasonable fullness and certainty, the financial condition of such corporation, within said period, as is required by Chapter 52, of the 1901 Session Laws of Colorado, together with the amendments thereto, contained in Chapter 102 of the 1911 Sessions Laws of Colorado."

The demurrer alleged that the complaint did not state facts sufficient to constitute a cause of action, specifying, among other things, as grounds for the objection: "That it fails utterly to show in what respect and to what extent and why the report of the said, The Calliope Consolidated Mining Company, was insufficient to give with reasonable fullness and certainty the financial condition of the company."

The court erred in overruling the demurrer. It does not appear from the complaint whether the default of the company was in filing no report at all, or in filing a report which did not, with sufficient detail, set out the various matters required to be stated, or whether it contained statements that were false.

Such a complaint does not enable anyone to determine the ground of the pleader's objection to the report. If he was wrong in his construction of the language of the report, he had no cause of action. The plaintiff introduced evidence to show that the corporation's indebtedness was greater than reported, the issue tried being apparently the truth of the report as to the indebtedness. A motion for a nonsuit was overruled, and that action and the overruling of the demurrer are assigned as error.

In *Matthews v. Patterson*, 16 Colo. 215, 26 Pac. 812, this court held, in a case like the instant case, except that it was

brought under an earlier statue, that a report, though false, if in proper form, is sufficient to protect the directors from liability for the debts of the company under the statute. It is there pointed out that if a false report was made, the persons responsible for it were liable under another statute, which statute is still in force, i. e., Section 1010 Mills Annotated Statutes, 1912.

The court said that statutory liability can arise only in case of a failure to file a report in compliance with the provisions of the statutes, and added: "If that be done, than the trustees are not liable, even though the report be totally and wholly false; and the party must seek his remedy therefor under the section which provides a penalty in such case, and pursue the officers who are knowingly guilty of the misrepresentation for which the statute has provided a penalty. This doctrine is well supported by the New York cases, and is a reasonable and safe construction." Accepting the law thus laid down, it appears, not only that the court erred in overruling the demurrer, but in not granting a nonsuit.

The judgment is accordingly reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.