No. 9813.

PERINI *v*. CONTINENTAL OIL COMPANY

1. CORPORATION—*Annual Report.*  A report containing no statement of any indebtedness as owed by the corporation was filed on February 28.  *Held* not a compliance with the statute.

The report should be filed within reasonable time after its preparation, the time depending upon the circumstances of each case.

2. ———*Former Default,* by a corporation in filing an annual report, is no bar to the creditor's action against a director, counting upon a later default.

*Error to Denver District Court, Hon. Julian H. Moore,*
*Judge.*

*Application for Supersedeas.*

Messrs. LILYARD & SIMPSON, for plaintiff in error.

Mr. JOHN HORNE CHILES, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error brought an action against plaintiff in error to recover the amount of certain debts contracted by The Capital Hill Garage Company, of which plaintiff in error was one of the directors, during the year 1916 and prior to the 6th day of October of that year.

Plaintiff in the action sought to have the defendant made personally liable for said debts because of an alleged failure of the corporation to file its annual report within sixty days after January 1, 1917.  This report is dated February 27, 1917, and was filed February 28, 1917.  Under the sixth head in a blank provided by the Secretary of State, which reads "Amount of indebtedness at date of filing this report $————————" no statement whatever was made.  Under the eighth heading, which reads: "Eighth.  Such other information as will show with reasonable fullness and certainty the condition of real and personal property, and the financial condition of your company at the date of filing this report"; a trial balance was set out showing accounts

payable $3,163.63.  The trial court found for the plaintiff, and the defendant brings error.

Whether or not the report filed is sufficient in form need not be determined, since we are of the opinion that a statement of the indebtedness, on January 1st, though unobjectionable as to form, not filed until February 28th, does not meet the statutory requirement.  We agree with counsel for plaintiff in error that it would be unreasonable to construe the words "at the date of filing said report", as requiring a statement of indebtedness on the very day of filing. That would be impracticable, if not impossible for corporations at any considerable distance from the capital.

The report should state the indebtedness on the day the report is made, and the filing should follow immediately. That is, the report should be filed within a reasonable time, such time depending upon the circumstances of each case.

Plaintiff in error, however, contends that if the report for the year 1916, filed in 1917, is defective, so also was the report for the preceding year, it having been dated February 14, 1916, and filed February 26th of that year.  Assuming that the report filed in 1916 was defective because of the unreasonable delay in filing it after it was made and verified, it is counsel's contention that under the decisions of this court in *Dart v. Hughes,* 49 Colo. 465, and *Thatcher v. Salomon,* 16 Colo. App. 150, the offense of the directors was complete on March 2, 1916; that the statutory limitation of one year then began to run, and at the end of a year thereafter the bar was complete.  Counsel's position is that when once directors, by failing to file a report, have become subject to the statutory penalty, and the period of one year has elapsed after the right to a penalty accrued, the resulting bar applies to all contracts made thereafter, even in subsequent years.

This cannot be a proper interpretation of the decisions cited.  No such question was involved in either of them, and if counsel is correct, when once the directors had defaulted in their statutory duty in the respect noted, and suit had not been brought against them for a year, they would

thereafter be immune from attack under the statute, though the corporation never filed another annual report.

In *C. F. & I. Co. v. Lenhart,* 6 Colo. App. 511, it was held that a creditor can not waive a default of a corporation in not filing a report in a previous year, and thus postpone the beginning of the statutory period of limitation. That being so, it would be unfair to permit defendants to take advantage of their default in one year to protect themselves from the penalty for subsequent defaults.

The evident purpose of the law is to require and enforce the filing of these reports annually, for the benefit of parties dealing with the corporations. The interpretation suggested by counsel would defeat the plain intent of the law.

It is further urged that as this is an action for a penalty, there is no right of recovery upon an assigned claim. In *Credit Men's Co. v. Vickery,* 62 Colo. 214, that question was decided adversely to said contention.

We find no error in the record, and the judgment is accordingly affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.