## No. 9761.

### THE INTERNATIONAL STATE BANK *v.* MCGLASHAN, ET AL.

Decided February 6, 1922.

Action in debt against the officers and directors of a corporation. Judgment of dismissal.

### *Reversed.*

1. APPEAL AND ERROR—*Bill of Exceptions—Waiver.* When a party signs and approves a bill of exceptions, and permits it to be allowed by the judge without objection, he waives the right to thereafter object on the ground that it was not tendered in time.

2. CORPORATIONS—*Annual Report.* The annual report required to be filed by corporations under the provisions of chapter 102, S. L. 1911, must comply with all of its requirements. The act and each part thereof is mandatory, and a failure to give all the information specified, renders a pretended report a nullity.

3. PLEADING—*Cause of Action.* In an action against the officers and directors of a corporation to make them personally responsible for a debt of the company, the contention that the complaint does not show that the debt was originally contracted within the statutory period, held untenable in the case under consideration.

4. *Amendment—Limitations.* An amendment to a complaint which sets up no new cause of action, but simply perfects one already stated, relates back to the time of the commencement of the action and the running of the statute of limitations against the cause of action so pleaded is arrested at that time.

*Error to the District Court of Las Animas County, Hon.
A. C. McChesney, Judge.*

Mr. JESSE G. NORTHCUTT, Mr. A. W. MCHENDRIE, for plaintiff in error.

Mr. HENRY HUNTER, Mr. JAMES MCKEOUGH, Mr. J. J. HENDRICK, Mr. A. E. MCGLASHAN, Mr. HORACE N. HAWKINS, for defendants in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

PLAINTIFF in error brought suit against the defendants in error, seeking to recover from the defendants personally, as officers and directors of The Trinidad Garage Company, certain debts of the corporation because of the failure of the corporation to file, within sixty days next after the 1st day of January, 1918, an annual report as required by chapter 102, Session Laws 1911. The act requires every corporation to file an annual report with the Secretary of State within sixty days next after the 1st day of January in each year, and prescribes what such report shall show, as follows:

First. The names of its officers and their several places of residence, together with the street or business address of such officer.

Second. The names of its directors or trustees and their several places of residence, together with the street or business address of such director or trustee.

Third. The amount of its capital stock as fixed and determined by its Articles of Incorporation and amendments thereto.

Fourth. The proportion of said capital stock actually paid in.

Fifth. Setting forth how the same was paid, whether in cash, by the purchase of property, or otherwise.

Sixth. The amount of the indebtedness of said corporation at the date of filing said report.

Seventh.    Setting forth whether or not it is engaged in the active operation of its business within the State of Colorado.

Eighth.    Such other information as will show with reasonable fullness and certainty the condition of its real and personal property, and the financial condition of such corporation, joint stock company or association at the date of filing such report.

The law further provides that if any such corporation neglects to file an annual report within the time prescribed, that the officers and directors of such corporation shall be jointly, severally and individually liable for all of its debts contracted during the year next preceding the time when the report should have been filed, and until such report is filed.

At the trial there was received in evidence, without objection, a certified copy of the purported annual report of The Trinidad Garage Company, filed in the office of the Secretary of State February 23, 1918, which was made out on a blank form provided by the Secretary of State for such reports, which form follows numerically and almost literally the language of the subdivisions of the statute.

The sixth, seventh and eighth subdivisions of the purported annual report as filed are as follows:

Sixth.    Amount of indebtedness at date of filing this report.

Seventh.    State whether or not engaged in actual operation within the State of Colorado.

Eighth.    Such other information as will show with reasonable fullness and certainty the condition of real and personal property, and the financial condition of your company at the date of filing this report.

Assets.

| | |
|---|---|
| Capital  Stock ...................... | 10000.00 |
| Used  Cars ....................... | 3700.00 |
| New  Cars ...................... | 10382.73 |
| A-C's  Rec. ....................... | 6248.45 |
| Stock ........................... | 22660.00 |

Fixtures, Mach. ................... 3500.00  $56491.18

Liabilities.

Bills Payable ..................... 23000.00
Bills Payable
    Secured by cars.............. 19545.33 .
A-C's Payable .................... 4762.38  $47307.71

At the conclusion of the plaintiff's testimony, the trial court granted a non-suit and dismissed the cause upon the ground that the report was a substantial compliance with the requirements of the statute.

Judgment was rendered November 14, 1919, and sixty days allowed for a bill of exceptions. On the sixty-first day thereafter, counsel for defendants in error, with no intimation of protestation, approved the bill of exceptions and delivered it to counsel for plaintiff in error, and on the same day the trial judge, without objection, signed and sealed the same.

It was moved in this court on behalf of defendants in error, to strike the bill of exceptions for the reason that it was signed and sealed one day too late, which motion was granted.

In the brief and oral argument of plaintiff in error we are asked to reconsider the motion to strike and re-instate the bill of exceptions. Since the granting of the motion to strike, this court said, in *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos,* 69 Colo. 221, 193 Pac. 670:

"If the plaintiff's attorney desired to object to the signing of the bill, he should have added to his memorandum the statement that he objected to the signing because it was too late, as in *Bell v. Murray,* 13 Colo. App. 217, or have gone before the court with his opponent and objected there. * * * We think that whenever an attorney approves a bill of exceptions and permits it to be allowed without making the objection that it is too late, he should be regarded as waiving that objection and consenting to the allowance. * * * Such a rule is fair to all par-

ties, tends to prevent disaster to litigants through fraud or misunderstanding, and is the reasonable interpretation of the approval or the statement that the bill correctly states the proceedings." *Rose v. Agricultural Ditch & Reservoir Co.,* 69 Colo. 232, 193 Pac. 671; *R. G. S. R. R. Co. v. C. F. & I. Co.,* 41 Colo. 3, 91 Pac. 1114; *Hoover v. Shott,* 66 Colo. 456; 182 Pac. 883; *E. I. Dupont, etc. Co. v. Smith,* 249 Fed. 403, 161 C. C. A. 377.

We think that when the attorneys for defendants in error signed the bill of exceptions approving the same, without noting any objections thereon, and permitted the judge thereafter to allow the bill, without making objection thereto, the defendants in error consented to the allowance of the bill and waived the right to thereafter object. The bill of exceptions will be reinstated.

In preparing its annual report the corporation made no answers to subdivision sixth and seventh of the purported report filed with the Secretary of State. These subdivisions sixth and seventh are constituent parts. of the statute, which specifically state what, among other things, the report shall show. To eliminate them from the statute would be doing violence to the manifest intention of the legislature. To ignore these requirements in making the report would be doing violence to the specific provisions of the act. The document which was filed as an annual report did not comply with the plain mandates of the law. These provisions of the act cannot be ignored in making the report. The section, and each part thereof, is mandatory. *C. F. & I. Co. v. Lenhart,* 6 Colo. App. 511, 41 Pac. 834; *Cannon v. Breckenridge Mercantile Co.,* 18 Colo. App. 38, 69 Pac. 269; *Thatcher v. Solomon,* 16 Colo. App. 154, 64 Pac. 368.

We said in *Moody v. Rhodes Ranch Egg Co.,* 61 Colo. 368, 157 Pac. 1167, where it appeared that no answer was made to the eighth subdivision of the report filed with the Secretary of State:

"By its failure to contain material matter required by the plain provisions of the statute, the purported annual

report was in law no report."

So we conclude that the failure to state in the report the amount of the indebtedness of the corporation at the date of the report, and omitting to state whether or not it was engaged in the active operation of its business within the state, invalidates the report.

The matters stated in subdivision eighth of the report are not sufficient to cure the omissions in the sixth subdivision of the report because of obvious inaccuracies. The statements in the eighth subdivision, of the assets and liabilities of the corporation, are obviously incorrect and unreliable. The palpable error in omitting the capital stock from the statement of the corporate liabilities and including it in the assets would make the total indebtedness, as there denominated in figures, a matter of speculation and conjecture. The statement is not reasonably full and certain, as expressly required by the act. It cannot, therefore, be held to be a statement furnishing "the information as will show with reasonable fullness and certainty the condition of its real and personal property and the financial condition of the corporation", nor can it be said to be sufficient to supply the information omitted in the sixth subdivision of the report.

This purported annual report is a nullity, and in law is no report.

It is contended by defendant in error that the complaint does not state a cause of action for several reasons. One is that it does not show that the debt was originally contracted within the statutory period. The statute provides that the officers and directors shall be severally and individually liable for "all debts * * * that shall be contracted during the year next preceding the time when such report" shall be filed. The complaint alleges that on certain dates between February 23 and March 15, 1919, "the said, The Trinidad Garage Company * * *, for a good and valuable consideration, promised and agreed in writing to pay to the International State Bank, on demand, the amounts hereinafter mentioned and set out." Here is a

promise, based upon a valuable consideration, to unconditionally pay a fixed sum of money at a time certain, which sufficiently shows a debt contracted within the statutory period. There is no merit in this contention.

Another point urged is that there was no cause of action stated until the complaint was amended, which was made after the action was barred by the statute of limitations. The rule of law upon this subject is that an amendment to a complaint which sets up no new cause of action or makes no new demand, but simply perfects and extends the averments in support of the cause of action already stated, relates back to the time of the commencement of the action, and the running of the statute against the cause of action so pleaded is arrested at that time. The Missouri Supreme Court says:

"Amendments are allowed expressly to save the cause from the statute of limitation, and courts have been liberal in allowing them, when the cause of action is not totally different." *Lottman v. Barnett,* 62 Mo. 159-170.

The Montana court states the rule thus:

"A general demurrer to the complaint was sustained, and the court properly allowed the plaintiff to amend. The amendments supplemented the allegations of the original complaint, perfected the only cause of action claimed by the plaintiff, and therefore related back to the date of filing the original complaint." *Clark v. Oregon Short Line,* 38 Mont. 177, 99 Pac. 298.

The rule is well stated in the case of *Boudreaux v. Tucson Gas, Electric Light & Power Co.,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196:

"Where the original complaint fails to state facts sufficient to constitute a cause of action tested by a general demurrer, an amendment filed after the bar of the statute of limitations is complete is not subject thereto, provided the facts stated in the original complaint are sufficient when read in the light of the amendment to disclose that such amendment is but the perfection of the imperfect statement of the cause of action originally attempted to be

pleaded and not the statement of a new or different cause of action."

The amendments allowed were by interlineations, one of which was for the purpose of showing consideration for the agreement, which was as follows: "For a good and valuable consideration." The other was to negative the presumption of payment of the indebtedness by the corporation, which was: "Or by the said, The Trinidad Garage Company." It is manifest that these amendments made by interlineation did not and could not change the cause of action. The amendment was to perfect the allegations of the same cause of action incompletely alleged in the original complaint. The contention of the defendants in error cannot be sustained.

The order reinstating the bill of exceptions dispenses with the necessity of considering other points argued in the briefs.

The judgment is reversed and the cause remanded.

MR. CHIEF JUSTICE SCOTT not participating.