No. 10,627.

CAREY, ET AL. *v.* AURAND.

Decided November 5, 1923.

Action against directors for the debt of a corporation. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. CORPORATIONS—*Annual Report—Liability of Directors.* An annual report of a corporation held to comply substantially with the statute, and to relieve its directors from personal liability for its debts.

*Error to the County Court of the City and County of Denver, Hon. E. J. Ingram, Judge.*

Mr. C. H. PIERCE, for plaintiffs in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS suit was commenced by defendant in error against plaintiffs in error as officers and directors of The Thoro Products Manufacturing Company, a corporation, to recover a debt of the corporation, contracted in 1920, and for which judgment was rendered against the corporation in 1921. Trial in the county court, to the court without a jury, and judgment for defendant in error. The plaintiffs in error bring the case here for review. The parties will be designated here as in the court below.

The annual report of the corporation, for the year 1920, was made and verified by the affidavit of the president and secretary on the 26th day of February, 1921, and filed in the office of the secretary of state on the 2d of March, 1921. In answer to subdivision 6 of the report the corporation gave the amount of its indebtedness at the date of filing the report. To the 7th subdivision of the report, as to whether or not it was engaged in actual operation within the state of Colorado, it answered "yes". It answered the 8th subdivision by attaching a balance sheet showing assets and liabilities December 31, 1920, and disclosing current liabilities to be the same as in the answer to subdivision 6. The plaintiff contends that the report is not in compliance with the statute. Plaintiff's argument is that, at the time of filing of the report, the corporation was a going concern, and that it might be in a vastly different financial condition 60 days after December 31, 1920, than it was on that date, or in other words, that a statement of assets and liabilities, as they existed at the end of the year, is not a statement of the corporation's financial condition at the date of filing its report. The cases of *Moody, et al. v. Rhodes Ranch Egg Co.*, 61 Colo. 368, 369, 157 Pac. 1167, and *Perini v. Con-*

*tinental Oil Co.,* 68 Colo. 564, 566, 190 Pac. 532, are relied upon to support plaintiff's contention, but they do not.

In the Moody Case, *supra,* the 8th subdivision of the report contained no answer or statement whatever. In the Perini Case, *supra,* no statement whatever was made in answer to the 6th subdivision. No evidence was introduced by the plaintiff, at the trial, to contradict the facts set forth in the report, and we must assume that the matters therein stated are true, *i. e.,* that the indebtedness of the corporation at the date of filing the report and on December 31, 1920, was the same.

While we hold that the report is a substantial compliance with the law, we do not wish to be understood as commending the form in which the information is given in answer to the 8th subdivision. We here venture to suggest, that if officers, whose duty it is to prepare the annual report of the corporation, would use greater care in its preparation, and in making it conform to the statutory requirements, much litigation and expense would be avoided.

The trial court erred in refusing to sustain defendants' motion for nonsuit and in rendering judgment for plaintiff. Supersedeas denied. The judgment is accordingly reversed, with directions to dismiss the action.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE CAMPBELL concur.