No. 11,400.

SHERMAN, ET AL. *v.* CREDIT FINANCE CORPORATION.

Decided November 23, 1925.

Action against officers of a corporation to recover upon alleged debts of the corporation. Judgment for plaintiff.

*Affirmed in Part.*

*Reversed in Part.*

*On Application for Supersedeas.*

1. PLEADING—*Corporations—Annual Report.* Where it is intended to allege that no report was filed, a complaint alleging that a corporation failed to file its annual report within time, but did file one after the time therefor had expired, is sufficient.

2. CORPORATIONS—*Indebtedness—Liability of Officers.* In an action against officers of a corporation to make them personally liable for its debts, a note given within a year preceding the time at which the annual report should have been filed, held sufficient to show a debt contracted within the statutory period.

3. *Annual Report—Filing.* The delivery of an annual corporate report to the secretary of state on a certain date is not equivalent to a filing, where it was not actually filed until some days later.

4. PAYMENT—*Check.* Secretary of state held not obliged to treat a check as payment of a filing fee.

5. CORPORATIONS—*Annual Report—Liability of Directors.* A director of a corporation held not liable for its debts where the president and secretary filed a report three days late.

6. *Annual Report—Failure to File—Refusal—Directors.* Failure of corporate officers to file an annual report within time, held a "refusal to act" so as to give the directors an additional thirty days within which to execute and file the report, and a report being filed within the thirty days by the president and secretary, it was not necessary that the directors file a separate additional report.

7. APPEAL AND ERROR—*Questions not Raised Below.* Questions not raised in the trial court will not be considered on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. F. T. JOHNSON, for plaintiffs in error.

Mr. EDWARD MILLER, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought by a creditor of the Big Thompson Hotel and Development Company against the officers and directors of the corporation personally to recover upon an alleged debt of the corporation. The action is based on section 2312, C. L. 1921, which makes "all the officers and directors * * * jointly and severally and individually liable for all debts of such corporation * * * that shall be contracted during the year next preceding the time when" the annual report should have been made and filed, in the event that it is not filed. There was a judgment for plaintiff against all defendants. Four of such defendants, including the president who is also a director, the secretary, the treasurer, and one other director of the corporation, have sued out this writ of error, and apply for a supersedeas.

The first contention, under the errors assigned, is that the complaint fails to state facts sufficient to constitute a cause of action, in that the failure to file the annual report required by section 2312, C. L. 1921, is not sufficiently alleged. The allegation in the complaint reads as follows: "That said corporation, The Big Thompson Hotel and Development Company failed to file the annual report required by Section 2312 of the Compiled Laws of 1921 of the State of Colorado, for the year 1924, but filed an annual report with the Secretary of State, in an attempted compliance with the said statute on the 4th day of March, A. D. 1924."

When, as in the instant case, it is intended to allege that *no* report was filed, and not that a defective or false report was filed, an allegation in the form above quoted is sufficient. *Schroeder v. Snarr*, 68 Colo. 418, 189 Pac. 931, cited and relied on by plaintiff in error is not controlling here.

The next contention is that the pleadings and proof fail to show that the debt sued on was "contracted" within the statutory time. Plaintiff sues upon a note, dated October 9, 1923. Plaintiffs in error suggest that it may have been a renewal note, given for an indebtedness incurred prior to the year 1923. However, when, as in the instant case, nothing more appears than that a note was given by the corporation within the year preceding the time at which the annual report should have been filed, that is sufficient to show a debt contracted within the statutory period. We have so held in *International Bank v. McGlashan*, 71 Colo. 72, 77, 204 Pac. 480.

The corporation's annual report, in this case, should have been filed not later than March 1, 1924. It is contended that the court erred in not finding, from the evidence, that it was in fact filed on or before March 1, 1924. The basis of the contention is that it is undisputed that the report was mailed, in Denver, on February 28, 1924, from which follows the presumption that the secretary of state, whose office is also in Denver, received it on February 29, 1924. It may be assumed that the annual report was *lodged* in the office of the secretary of state on February 29, 1924, but

it does not follow therefrom, as plaintiffs in error contend, that it was *filed* at that time, in this case. The evidence further shows that accompanying the annual report was a check payable to the secretary of the corporation and not endorsed by him. From that fact the inference may be drawn that the secretary of state did not at once file the report until he was paid his fee or was assured that the check was collectible. The statute provides that the corporation shall pay to the secretary of state a fee for examining and filing the annual report. Section 2312, C. L. 1921. And section 2309, C. L. 1921, provides that he "shall not file" the annual report "unless all fees" are paid. The secretary of state had the right to treat the report as not filed, and refuse to file it, until the fee was paid, and until then it would not be *filed,* notwithstanding its delivery into his possession. *Hilts v. Hilts,* 43 Ore. 162, 72 Pac. 697; *Pinders v. Yager,* 29 Iowa 468. The secretary of state was not obliged to treat a check, even if properly endorsed, as a payment of the fee. Note, Ann. Cas. 1914B, 178. The further fact appears that the filing mark of the office of the secretary of state on the annual report in question is dated March 4, 1924, and the secretary of state further certifies that it was filed on March 4, 1924. There was no error in finding that the report was not filed until March 4, 1924, which was three days too late.

There is no error in the record, and the judgment is right, so far as concerns the president and the secretary of the corporation, Sherman and Johnson. The trial court held plaintiff in error Turner, a director, also liable, upon the ground that the proviso in section 2312, C. L. 1921, is not applicable under the facts of this case. That proviso reads as follows:

"*Provided,* That in case of absence, refusal or inability to act of the president and secretary  *  *  *  to file an annual report as above prescribed, then any director may execute and file such report within the thirty days next after the expiration of the sixty-day period provided for in this act. This provision is made for the express purpose

of protecting the directors and cannot be employed as a remedy to relieve the secretary or president from the imposition of the penalties provided for in this section."

In this case there was a "refusal to act" within time, in the sense that there was a failure to act, and that is sufficient to constitute a "refusal" within the meaning of the proviso. The director Turner had thirty days after March 1, 1924, within which to "execute and file" an annual report, so as to protect himself from liability. Within that thirty days an annual report *was* filed, but by those officers whose duty it was to file it on or before March 1, 1924. It is not the intent of the statute to require a director under such circumstances to file an additional or a separate report; that would be requiring a useless thing. The court erred in holding the director Turner liable.

Lastly it is contended that it was error to hold plaintiff in error Border liable. Border is not the president, nor secretary, nor a director. He is simply treasurer. Whether he is an officer within the meaning of the statute, or, if he is, whether the statute is constitutional as to him, are questions that need not be determined now. Border filed no separate demurrer. The question of his liability as treasurer was not raised in any manner in the court below, nor was it passed upon in any ruling. We therefore decline to consider it.

The judgment is reversed as to the director Turner, and affirmed as to other defendants. The application for a supersedeas is denied. The cause is remanded with directions to dismiss as to Turner.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.