No. 11,455.

DEER TRAIL LUMBER CO. *v.* CUMMINS, ET AL.

Decided November 22, 1926.

Action to recover from corporate directors, no sufficient annual report having been filed. Judgment for defendants.

*Reversed.*

1.  CORPORATIONS—*Annual Report—Sufficiency.* Annual report of a corporation held insufficient, under section 2312, C. L.

2.      *Annual Report—Sufficiency.* The filing of an insufficient corporate annual report is the same as if no report were filed at all.

3.  PLEADING—*Demurrer.* A general demurrer and a demurrer for ambiguity are not the same, under section 56 of the 1921 Code.

4.  STIPULATIONS—*Waiver.* Defendants held to have waived ambiguity in a complaint raised by demurrer, by stipulating to submit the case to the court on its merits.

*Error to the District Court of Arapahoe County, Hon. S. W. Johnson, Judge.*

Messrs. BARTELS & BLOOD, Mr. ARTHUR H. LAWS, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, Mr. EDWIN J. WITTELSHOFER, for defendants in error.

*En banc.*

MR. JUSTICE ADAMS delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, and a creditor of The Alfalfa Farms Company, a corporation, sued defendants, directors of the last named company, for failure to file an annual report of the corporation, with the secretary of state, containing the information required by section 2312, C. L. 1921. Judgment was for defendants, and plaintiff brings the case here for review.

The eighth paragraph of the section referred to, requires corporations of this character to give, "Such other information as will show with reasonable fullness and certainty the condition of its real and personal property, and the financial condition of said corporation, joint stock company or association at the date of filing such report." The answer was, "This company owns 1812 acres of farm and grazing land in Elbert County, Colo. Has live stock of the value of $2,600, feed of the value of $1,500, equipment for the farm amounting to $7,000, and is actively engaged in farming and stock raising."

The only question involved is whether the statement that the company owns 1812 acres of farm and grazing land in Elbert County, Colo., taken in connection with what follows, gives the information required by the statute, with reasonable fullness and certainty, and if it shows the financial condition of the company.

The mere statement that the company owns 1812 acres of land in the big county named, without any statement of its value, affords little information as to its condition, or the financial condition of the corporation. It is a matter of universal knowledge that a tract of 100 acres, or even much less, might well be worth far more than 1812 acres of a different character, or with less improvements, or for any number of local reasons, that cannot be guessed by a stranger. The statement is about as informing as it would be to say, "I own a house and lot in Colorado Springs." It lacks all elements of certainty; it is wholly uncertain, and so is not a compliance with the statute. Such being the case, it is the same as if no report were filed at all. *International State Bank v. McGlashan,* 71 Colo. 72, 204 Pac. 480; *Moody v. Rhodes Ranch Egg Co.,* 61 Colo. 368, 157 Pac. 1167.

Defendants file a cross-assignment of error, alleging that the trial court erred in not sustaining their demurrer to the complaint on the ground that it did not state a cause of action. They argue that the complaint is ambiguous in failing to show whether the action is for not filing any report at all, or on account of a defective report, and cite *Schroeder v. Snarr,* 68 Colo. 418, 189 Pac. 931. But we think that the complaint is clear. Furthermore, a general demurrer and a demurrer for ambiguity are not the same under § 56 of the 1921 Code of Civil Procedure. The ambiguity was pointed out in *Schroeder v. Snarr, supra,* and even if the complaint was merely ambiguous, defendants waived such defense by stipulating in writing to submit the merits of the case to the court on the first cause of action, knowing what it was for. The first cause is the only one here involved, the second cause having been eliminated from the court's consideration by the stipulation of the parties that such second cause did not state facts sufficient to constitute a cause of action. It was therefore agreed by the parties that the case should be submitted solely on the first cause, and that only items of alleged indebtedness under date on March 7,

1922, and subsequent thereto, should be considered by the court. The bill of particulars shows items in the first cause for which judgment should be rendered, between the dates of March 7, 1922 and September 9, 1922, both inclusive. The defective report was filed within sixty days next after January 1, 1923.

The judgment is reversed with directions to enter judgment for plaintiff in accordance with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD not participating.