## No. 12,005.

### BEELER, ET AL. *v.* CITIES SERVICE OIL COMPANY.

Decided December 10, 1928.

Mr. E. P. HUDSON, for plaintiffs in error.

Mr. LOWELL WHITE, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD, sitting for MR. CHIEF JUSTICE DENISON, delivered the opinion of the court.

THE defendant in error brought the action below to recover from the defendants, as officers and directors of the Luboil Refining Company, a debt of the corporation, because of the failure of the corporation to file an annual report with the secretary of state, in compliance with section 2312, C. L. 1921, which provides, among other things, that the failure of the corporation to file an annual report, as thereby required, shall render the officers and directors of the corporation, jointly and severally and individually liable for all of its debts contracted during

the year next preceding the time when such report should have been filed. Subdivision eight of that section provides as follows: "Eight—Such other information as will show with reasonable fullness and certainty the condition of its real and personal property, and the financial condition of said corporation * * * at the date of filing such report."

The answer of the corporation to this subdivision of the statute, in its report made out on the blank form provided by the secretary of state, was limited to a statement as follows: "The year's work does not show a profit above running expenses."

Upon this documentary evidence before the court judgment was rendered for the plaintiff. Plaintiffs in error, defendants below, who are the officers and directors of the corporation, come here on error, to review that judgment.

The document filed as an annual report was not in compliance with the statute. There was no attempt made by the corporate officers, in this so-called report, to show "the condition of its real and personal property, and the financial condition of the corporation." This purported annual report completely ignored these plain, clear, unambiguous, mandatory requirements of the statute. The assignments of error are wholly without merit, and the case should not have been brought here. The judgment must be, and is, affirmed.

MR. JUSTICE ADAMS, MR. JUSTICE BUTLER, and MR. JUSTICE CAMPBELL concur.