## No. 12,608.

BERGREN ET AL. *v.* VALENTINE HARDWARE COMPANY.

(291 Pac. 1038)

Decided September 15, 1930.

Mr. ALBERT G. CRAIG, Mr. CHARLES F. BRANNAN, for plaintiffs in error.

Messrs. GOSS & HUTCHINSON, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOHN E. Bergren and William Vossberg, plaintiffs in error, hereinafter referred to as defendants, were directors of the Fairview Mining Corporation, a Colorado corporation, hereinafter referred to as the Fairview Corporation, and, because of the alleged failure to file a proper annual report for the year of 1927, the Valentine Hardware Company, a corporation, defendant in error, hereinafter referred to as plaintiff, commenced its action in the district court to recover judgment for goods sold and delivered to the Fairview Corporation during the year 1927. Judgment was entered in favor of the plaintiff and against the defendants in the sum of $4,430.96 and costs, to which the defendants excepted; sued out this writ of error; applied for a supersedeas; and ask for a final determination upon this application.

The assignments of error presented and argued are: (1) The sufficiency of the annual report; (2) the right of a stockholder, who is also a creditor, to sue the directors for failure to file a proper annual report; (3) the right of an assignee to maintain this action upon an assigned claim for the purpose of collection only.

The Fairview Corporation was engaged in mining operations near Boulder, Colorado, where the plaintiff is engaged in the hardware business. The plaintiff was a stockholder in the Fairview Corporation, which became indebted to the plaintiff for goods sold and delivered. The Public Service Company of Colorado is a corporation, and was a creditor of the Fairview Corporation, and, for the purpose of collection only, assigned its ac-

count to the plaintiff. The Fairview Corporation filed its annual report on March 1, 1928, but its sufficiency, in certain particulars hereinafter detailed, is questioned by the plaintiff.

Chapter 102, S. L. 1911, section 2312, C. L. 1921, requires every corporation to file an annual report with the secretary of state within sixty days next after the first day of January in each year, and prescribes specifically what such report shall show:

"First. The names of its officers and their several places of residence, together with the street or business address of such officer.

"Second. The names of its directors or trustees and their several places of residence, together with the street or business address of such director or trustee.

"Third. The amount of its capital stock as fixed and determined by its Articles of Incorporation and amendments thereto; * * *.

"Fourth. The proportion of the said capital stock actually paid in.

"Fifth. Setting forth how the same was paid, whether in cash, by the purchase of property, or otherwise.

"Sixth. The amount of the indebtedness of said corporation *at the date of filing said report.*

"Seventh. Setting forth whether or not it is engaged in active operation of its business in the state of Colorado.

"Eighth. Such other information as will show with reasonable fullness and certainty the condition of its real and personal property, and the financial condition of said corporation, joint stock company or association *at the date of filing such report.*"

If such corporation be a mining corporation additional information is required:

"First. The amount of its properties within the state, and where the same are located.

"Second. Whether or not the same are held under let-

ters patent of the United States, and if so, what amount thereof.

"Third. Whether or not the same are held by possessory right on the public domain, setting forth the amount thereof.

"Fourth. Also stating in general terms the amount of work done thereon and improvements made thereon since the time of filing the last annual report."

■ 1. A certified copy of the annual report of the Fairview Corporation was offered and received in evidence, and disclosed that it was sworn to by the proper officers of the corporation on February 25, 1928. In this report no answer whatever is made to subdivisions fourth, fifth, sixth and seventh. Subdivision eighth was answered as follows: "Balance Sheet as of Dec. 31, 1927 attached." The balance sheet was actually attached to the report, and, for the purposes of this case, will be considered in all respects as a proper balance sheet. The four subdivisions of the statute requiring additional information from mining corporations were entirely ignored.

In *International State Bank v. McGlashan,* 71 Colo. 72, 76, 204 Pac. 480, where subdivisions sixth and seventh were unanswered, this court in an opinion by Mr. Justice Whitford, said: "These subdivisions sixth and seventh are constituent parts of the statute, which specifically state what, among other things, the report shall show. To eliminate them from the statute would be doing violence to the manifest intention of the legislature. To ignore these requirements in making the report would be doing violence to the specific provisions of the act. The document which was filed as an annual report did not comply with the plain mandates of the law. These provisions of the act cannot be ignored in making the report. The section, and each part thereof, is mandatory."

In the instant case, several other subdivisions, in addition to the sixth and seventh, remain wholly unanswered,

and under the authority of the International State Bank-McGlashan case, supra, the report was a nullity.

To the same effect see: *Moody v. Rhodes Egg Co.*, 61 Colo. 368, 369, 157 Pac. 1167; *Perini v. Oil Co.*, 68 Colo. 564, 565, 190 Pac. 532; *Beeler v. Oil Co.*, 85 Colo. 50, 51, 273 Pac. 21; *Deer Trail Co. v. Cummins*, 80 Colo. 276, 277,250 Pac. 850.

■ We again take occasion to disapprove the method used in giving the information required under the eighth subdivision of the statute, supra, which demands the information "at the date of filing such report." This subdivision is plain and free from ambiguity and requires no construction. The answer given to this subdivision in the instant case was: "Balance sheet as of Dec. 31, 1927 attached," whereas the report was filed on March 1, 1928. This answer did not furnish the information required nor does it purport to give the financial and other conditions of the corporation on March 1, 1928, the date of filing thereof. It is wholly insufficient, and has been heretofore disapproved by us. *Carey v. Aurand*, 74 Colo. 186, 188, 219 Pac. 1069.

■ In the Carey-Aurand case, supra, we held that the balance sheet of December 31, 1920, was sufficient to comply with the statutory requirement, upon the theory that there was a presumption that the financial condition remained the same from December 31, 1920, to the date of filing the report, February 26, 1921. This presumption does not obtain, and in so far as our opinion in the Carey-Aurand case, supra, so indicates, it is expressly disapproved. The statute means exactly what it says, and should, if officers and directors hope to escape a liability for corporate debts, be strictly followed.

■ 2. The statute, section 2312, C. L. 1921, also provides: "And if any such corporation, joint stock company, or association shall fail, refuse or omit to file the annual report as aforesaid, and to pay the fees prescribed therefor, within the time above prescribed, all the officers and directors of said corporation shall be

jointly and severally and individually liable for all debts of such corporation, joint stock company or association that shall be contracted during the year next preceding the time when such report should by this section have been made and filed, and until such report shall be made and filed.''

The amount of the indebtedness due the plaintiff from the Fairview Corporation is not seriously questioned. Upon the failure to file the report as provided by the section of the statute quoted, supra, *the officers and directors* are made *jointly, severally and individually liable* for all the debts of such corporation contracted during the year next preceding the time when the report should have been filed, and until such report is filed. There is no distinction between creditors who are, and those who are not, stockholders in the corporation, and for us to attempt to discriminate between the two creditors would amount to judicial legislation. The provisions of the statute are plain and unambiguous and we cannot read into the statute an exception which the Legislature could, but did not, make.

3. In *Credit Men's Adjustment Co. v. Vickery,* 62 Colo. 214, 218, 161 Pac. 297, we held that ''plaintiff as assignee is entitled to maintain this action as a creditor, against the directors, for the recovery of the corporate debts held by it, under the statute imposing liability upon directors.''

In *Perini v. Oil Co.,* 68 Colo. 564, 566, 190 Pac. 532, it was held that in a suit by the assignee of a creditor of a corporation, a right of recovery existed against the officers and directors for failure to file the annual report as required by the statute.

Judgment affirmed.