# Cases Argued and Determined

In

# The Supreme Court of the State of Colorado

At January Term, A. D. 1917

---

No. 8673.

INTERSTATE SAVINGS AND TRUST COMPANY ET AL. *v.*
NANNIE D. WYATT.

STATUTES CONSTRUED—*Penal Statute.* The statute of another state
allowing one who has paid usurious interest to recover double
the amount of his payment is penal as to the usurer, but
remedial as to the other party, and entitled to recognition and
enforcement in the courts of this state.

*Error to the Court of Appeals.*

En Banc.

Mr. J. FOSTER SYMES, for plaintiff in error.

Messrs. ROBINSON & ROBINSON, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error recovered a judgment against
plaintiff in error in the State of Texas, and brought suit on

it in this state and had judgment. The action in Texas was under a statute of that state which gives to a person paying more than the legal rate of interest a right to recover, in an action of debt, double the amount of the interest so paid. When the case for the plaintiff was closed, defendant moved for judgment on the ground that the Texas judgment was obtained in an action for a penalty for the violation of a public law, and that such judgment ought not to be enforced in this state. The motion was denied, and a writ of error prosecuted to the Court of Appeals. That court affirmed the judgment (27 Colo. App. 217, 147 Pac. 444), and we are now to determine as to the correctness of that action.

It is contended that the Texas judgment is not entitled to full faith and credit in this state under the Federal Constitution and laws, because, it is said, it is penal in character, and "the courts of no country execute the penal laws of another."

Counsel cites several cases in which courts of one state have refused to recognize a right of action under the laws of another state, which were held to be penal. In some cases cited, the refusal to give effect to the laws of a sister state was put upon the ground that said laws were contrary to the public policy of the state in which the suit was brought. The Court of Appeals found that some of these cases could not be distinguished in principle from the case at bar, but declined to follow them because of the greater authority to the contrary. It followed *Huntington v. Attrill*, 146 U. S. 657, 36 L. Ed. 1123, 13 Sup. Ct. 224, which has been approved in many cases.

In *Credit Men's Adjustment Co. v. Vickery, et al.*, 161 Pacific 297, this court held, on the authority of *Huntington v. Attrill, supra*, that while the statute which makes directors of a corporation liable for its debts when it fails to file the annual statement required by law, was penal as to the liability of the directors, and to be strictly construed, it was remedial as to the creditors. In *Huntington v. Attrill, supra*, the court had under consideration the action of the Maryland Court of Appeals which held penal and

unenforceable in Maryland a judgment rendered in New York, assessing a penalty on a director of a corporation for making a false oath as to its affairs. The subject of penal statutes was discussed at length, the court, among other things, saying:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the State, and which, by the English and American constitutions, the executive of the State has power to pardon. Statutes giving a private action against the wrong doer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal.   *   *   *   Thus a statute giving to a tenant, ousted without notice, doubles the yearly value of the premises against the landlord, has been held to be not like a penal law where a punishment has been imposed for a crime; but 'rather as a remedial than a penal law,' because 'the act indeed does give a penalty, but it is to the party grieved.' "   *Lake v. Smith*, 1 Bos. & Pul.   (N. R.)   174-181.   *   *   *

"The question whether a statute of one State, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offense against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act."

Again the court said: "The test is not by what name the statute is called by the legislature or the courts of the State in which it was passed, but whether it appears to the tribunal which is also called upon to enforce it to be, in its essential character and effect, a punishment of an offense against the public, or a grant of a civil right to a private person."

It was accordingly held that the New York statute under which the judgment was recovered was not a penal law in the international sense, and the judgment of the Maryland court was reversed.

Following the rule as announced in *Credit Men's Adjustment Co. v. Vickery, supra,* it must be held that while the Texas statute is in a sense penal as to the party exacting the usurious interest, it is remedial as to the party paying it. The Texas judgment is entitled to recognition in this state.

The judgment is affirmed and the cause remanded to the District Court.

Mr. Justice Allen not participating.