Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

February 27, 2017

**2017 CO 13**

**No. 16SA193, <u>In Re Goodman v. Heritage Builders</u>—Construction Defects—Statute of Repose—Statute of Limitations.**

In this case, the supreme court considers the parameters for timeliness of third-party claims in construction defect cases.  The supreme court concludes that such claims are timely, irrespective of both the two-year statute of limitations in section 13-80-102, C.R.S. (2016), and the six-year statute of repose in section 13-80-104(1)(a), C.R.S. (2016), so long as they are brought at any time before the ninety-day timeframe outlined in section 13-80-104(1)(b)(II), C.R.S. (2016).  Accordingly, the supreme court makes its rule to show cause absolute.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2017 CO 13

**Supreme Court Case No. 16SA193**
*Original Proceeding Pursuant to C.A.R. 21*
Pitkin County District Court Case No. 13CV30140
Honorable Christopher G. Seldin, Judge

**In Re**

**Plaintiff:**

Richard Goodman,

v.

**Defendants:**

Heritage Builders, Inc., and Ivan Rascon d/b/a American Landscape Company,

and

**Cross-Claim Plaintiff:**

Heritage Builders, Inc.,

v.

**Cross-Claim Defendant:**

Ivan Rascon d/b/a American Landscape Company,

and

**Third-Party Plaintiff:**

Heritage Builders, Inc.,

v.

**Third-Party Defendants:**

Bluegreen, Inc.; Columbine Landscape Service Company, Inc.; CTL Thompson, Inc.; Loris and Associates, Inc.; S.D. Construction of Aspen, LLC and/or Scott Davis d/b/a SD Construction; Scott A. Lindenau, Architect, P.C. d/b/a Studio B Architects; Summit Roofing, Inc.; TJ Concrete Construction, Inc.; and Welch Excavating, Inc.

---

**Rule Made Absolute**
*en banc*
February 27, 2017

**Attorneys for Defendant/Cross-Claim Plaintiff/Third-Party Plaintiff Heritage Builders, Inc.:**
Jaudon & Avery LLP
David H. Yun
Jared R. Ellis
  *Denver, Colorado*

Nathan, Bremer, Dumm & Myers, P.C.
Justin M. Curry
  *Denver, Colorado*

Higgins, Hopkins, McLain & Roswell, LLC
Sheri H. Roswell
Bret Cogdill
Jean Meyer
  *Denver, Colorado*

**Attorneys for Third-Party Defendant Scott A. Lindenau Architect P.C. d/b/a Studio B Architects:**
Hall & Evans, L.L.C.
Benton J. Barton
Elizabeth K. Olson
  *Denver, Colorado*

**Attorneys for Third-Party Defendant Bluegreen, Inc.:**
The Hustead Law Firm
Patrick Q. Hustead
Ryan A. Williams
  *Denver, Colorado*

No appearance by or on behalf of Ivan Rascon, d/b/a American Landscape Company; TJ Concrete Construction, Inc.; Columbine Landscape Service Company, Inc.; CTL Thompson Inc.; Loris and Associates, Inc.; S.D. Construction of Aspen, LLC and/or Scott Davis d/b/a SD Construction; Summit Roofing, Inc.; Welch Excavating, Inc.; Scott Davis.

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1 In this original proceeding, we consider whether the statute of repose in section 13-80-104(1)(a), C.R.S. (2016), bars a general contractor's third-party claims brought in response to a homeowner's claim for construction defects discovered in the fifth or sixth year following substantial completion of an improvement to real property. We hold that such claims are timely, irrespective of both the two-year statute of limitations in section 13-80-102, C.R.S. (2016), and the six-year statute of repose in section 13-80-104(1)(a), so long as they are brought at any time before the ninety-day timeframe outlined in section 13-80-104(1)(b)(II).[1]

## I. Facts and Procedural History

¶2 This case concerns the design and construction of a single-family residence in Pitkin County, Colorado. Heritage Builders, Inc. ("Heritage") was retained as the general contractor by the original owners of the property, Karen and Courtney Lord. Pitkin County issued a certificate of occupancy for the home in September 2006. In November 2011, Richard Goodman purchased the property from the Lords. Then, sometime between March and June 2012, Goodman discovered the alleged construction defects in the home. Goodman gave Heritage informal notice of his construction defect claims in July 2013. Three months later, on October 8, 2013, Goodman sent a formal notice of claim letter to Heritage pursuant to Colorado's Construction Defect Action Reform Act, sections 13-20-801 to -808, C.R.S. (2016). After receiving Goodman's letter,

---

[1] For clarity, "a statute of limitation merely limits the time in which a plaintiff may bring suit after a cause of action accrues," whereas "a statute of repose extinguishes a cause of action after a fixed period of time . . . regardless of when the cause of action accrued." 2A Am. Jur. Pl. & Pr. Forms Architects § 62.

as relevant here, Heritage then sent a notice of claim letter to subcontractors Studio B Architects ("Studio B") and Bluegreen, Inc. ("Bluegreen") alleging design deficiencies at the residence. Then, on December 20, 2013, Goodman filed the lawsuit that is the subject of this dispute, asserting negligence against Heritage and some of its subcontractors for defects arising out of the original construction. In response, Heritage asserted cross-claims and filed a third-party complaint against numerous subcontractors, including Studio B and Bluegreen.

¶3 Studio B filed a motion for summary judgment on March 10, 2016, which Bluegreen later joined. In the motion, Studio B argued that Heritage's claims against them were barred by the six-year statute of repose contained in section 13-80-104(1)(a).[2] On May 20, 2016, the trial court issued an order entering summary judgment in favor of Studio B and Bluegreen. In doing so, the trial court reasoned that Heritage's claims against Studio B and Bluegreen arose at the earliest when Heritage received informal notice of the alleged defects in July 2013. Because this date was more than six years after the substantial completion of the home, the court concluded the statute of repose barred Heritage's claims against Studio B and Bluegreen. The trial court further concluded that section 13-80-104(2), an exception which effectively extends the statute of repose by one to two years when a cause of action arises during the fifth or sixth year after the completion of a home, did not apply. Heritage then petitioned this court for a rule to show cause as to why the trial court's order granting summary judgment should

---

[2] For the purposes of the summary judgment motion, the parties did not dispute that Goodman's claim "arose in the fifth or the sixth year" following the home's completion.

4

not be vacated. We issued an Order and Rule to Show Cause, staying the underlying proceedings.

## II. Original Jurisdiction

¶4     "Original relief pursuant to C.A.R. 21 is an extraordinary remedy that is limited both in purpose and availability." Dwyer v. State, 2015 CO 58, ¶ 4, 357 P.3d 185, 187. That said, we "generally elect to hear C.A.R. 21 cases that raise issues of first impression and that are of significant public importance." Id., 357 P.3d at 187–88. This case satisfies both criteria. We have never considered the impact of the six-year statute of repose in section 13-80-104(1)(a) on the timeliness of third-party claims in construction defect cases. Furthermore, this case presents an important question, as its resolution will have a significant impact on construction defect litigation throughout the state.

## III. Standard of Review

¶5     "Statutory interpretation involves only questions of law," which this court reviews de novo. Smith v. Exec. Custom Homes, Inc., 230 P.3d 1186, 1189 (Colo. 2010).

## IV. Analysis

¶6     This case requires us to clarify the parameters for timeliness of third-party claims in construction defect cases. Specifically, we must determine whether the statute of repose in section 13-80-104(1)(a) may bar third-party claims even if those claims were brought within the timeframe outlined in section 13-80-104(1)(b)(II). We hold that it cannot because the language of section 13-80-104(1)(b)(II) clearly indicates that third-party claims are timely irrespective of both the statute of limitations in section 13-80-102

and the statute of repose in section 13-80-104(1)(a) so long as the claims are brought during the litigation or within ninety days following the date of judgment or settlement.

¶7 In interpreting statutes, a court's objective is to effectuate the General Assembly's intent. CLPF-Parkridge One, L.P. v. Harwell Invs., Inc., 105 P.3d 658, 660 (Colo. 2005). To determine legislative intent, courts first look to the statutory language itself and give the words and phrases their ordinary and commonly accepted meaning. Smith, 230 P.3d at 1189. Where the language is clear, it is not necessary to resort to other tools of statutory construction. Id. Instead, courts must enforce the clear statutory language as written. Colo. Ass'n of Pub. Emps. v. Lamm, 677 P.2d 1350, 1353 (Colo. 1984). Courts "should not presume that the legislature used language idly and with no intent that meaning should be given to its language." People v. J.J.H., 17 P.3d 159, 162 (Colo. 2001) (internal quotation marks omitted). Courts should also "reject interpretations that render words or phrases superfluous." People v. Cross, 127 P.3d 71, 73 (Colo. 2006).

¶8 Generally, construction defect actions are subject to a two-year statute of limitations, § 13-80-102, and a six-year statute of repose, § 13-80-104(1)(a). Specifically, section 13-80-104(1)(a) establishes the six-year statute of repose and provides:

> Notwithstanding any statutory provision to the contrary, all actions against any architect, contractor, builder or builder vendor, engineer, or inspector performing or furnishing the design, planning, supervision, inspection, construction, or observation of construction of any improvement to real property shall be brought within the time provided in section 13-80-102 after the claim for relief arises, and not thereafter, but in no case shall such an action be brought more than six years after the substantial completion of the improvement to the real property, except as provided in subsection (2) of this section.

6

¶9 Separately, section 13-80-104(1)(b)(II) governs construction defect claims against other parties who "may be liable to the claimant for all or part of the claimant's liability to a third person[.]" Specifically, that subparagraph provides:

> Notwithstanding the provisions of paragraph (a) of this subsection (1), all claims, . . . by a claimant against a person who is or may be liable to the claimant for all or part of the claimant's liability to a third person:
>
> (A) Arise at the time the third person's claim against the claimant is settled or at the time final judgment is entered on the third person's claim against the claimant, whichever comes first; and
>
> (B) Shall be brought within ninety days after the claims arise, and not thereafter.

§ 13-80-104(1)(b)(II). Although third-party claims under section 13-80-104(1)(b)(II)(A) do not arise until settlement or entry of judgment, this court has held that such claims may be brought in either (1) the construction defect litigation before a settlement or entry of judgment or (2) a separate lawsuit after a settlement or entry of judgment. CLPF-Parkridge One, 105 P.3d at 665.

¶10 In a series of cases, the court of appeals has held that section 13-80-104(1)(b)(II) has no effect on the six-year statute of repose. See Sierra Pac. Indus., Inc. v. Bradbury, 2016 COA 132, __ P.3d __; Shaw Constr., LLC v. United Builder Servs., Inc., 2012 COA 24, 296 P.3d 145; Thermo Dev., Inc. v. Cent. Masonry Corp., 195 P.3d 1166 (Colo. App. 2008). In these cases, the court found that section 13-80-104(1)(b)(II) tolls the two-year statute of limitations, but does not toll the six-year statute of repose as to claims brought by general contractors against subcontractors. See Sierra Pacific, ¶ 16; Shaw, ¶ 18, 296 P.3d at 150–51; Thermo, 195 P.3d at 1170. In other words, these cases held that third-

7

party claims brought after the six-year statute of repose had run were barred—even if they were brought before the ninety-day period set forth in section 13-80-104(1)(b)(II) had expired.

¶11　We disagree with these holdings because they render the controlling language of section 13-80-104(1)(b)(II) superfluous. Section 13-80-104(1)(b)(II) begins by stating that it applies "[n]otwithstanding the provisions of paragraph (a) of this subsection (1)" (emphasis added). In turn, paragraph (a) of subsection (1) both incorporates the two-year statute of limitations and contains the six-year statute of repose for construction defect claims. When used in a statute, "notwithstanding" is intended "to exclude—not include—the operation of other statutes." Theodore Roosevelt Agency, Inc. v. Gen. Motors Acceptance Corp., 398 P.2d 965, 966 (Colo. 1965) (emphasis omitted). This is because "[t]he word 'Notwithstanding' is one in opposition to, and not one of compatibility with, another statute." Id. Indeed, "the word 'Notwithstanding' actually means 'in spite of' . . . ." Id. (citing Webster's New International Dictionary (1958)); see also Lanahan v. Chi Psi Fraternity, 175 P.3d 97, 102 (Colo. 2008) ("[T]he term 'notwithstanding' means excluding, in opposition to, or in spite of other statutes."). Consequently, the phrase "[n]otwithstanding the provisions of paragraph (a) of this subsection (1)," plainly and unambiguously precludes the application of both the statute of limitations in section 13-80-102 and statute of repose in section 13-80-104(1)(a) to third-party claims made pursuant to section 13-80-104(1)(b)(II). Therefore, to the extent that Thermo, Shaw, and Sierra held that claims brought outside of the statute of

repose timeframe, but brought within the timeframe outlined in section 13-80-104(1)(b)(II) are barred, they are overruled.

¶12 Instead, we hold that under section 13-80-104(1)(b)(II), third-party claims are timely irrespective of both the two-year statute of limitations and the six-year statute of repose so long as the claims are brought during the construction defect litigation or within ninety days following the date of judgment or settlement. Therefore, in this case, because Heritage brought its third-party claims against Studio B and Bluegreen prior to any judgment or settlement, the trial court should not have granted summary judgment in favor of Studio B and Bluegreen based on the statute of repose.[3] Because we hold that the statute of repose is irrelevant for the purposes of third-party claims brought under section 13-80-104(1)(b)(II), we need not address whether the exception to the statute of repose in section 13-80-104(2) allowed Goodman's claims against Heritage to extend beyond the six-year statute of repose, but did not allow Heritage's third-party claims against subcontractors.

## V. Conclusion

¶13 For the foregoing reasons, we make our rule to show cause absolute and instruct the trial court to vacate the order granting summary judgment in favor of Studio B and Bluegreen.

---

[3] This court requested supplemental briefings from the parties. Heritage filed a motion to strike portions of Studio B's and Bluegreen's supplemental briefings. Because the disputed portions of Studio B's and Bluegreen's supplemental briefings do not inform our holding today, which is limited to the timeliness of the third-party claims, we need not consider the motion to strike.

9