Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us.  Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 29, 2018

**2018 CO 44**

**No. 17SA31, <u>Rooftop Restoration, Inc. v. Am. Family Mut. Ins. Co.</u>—Unreasonable Delay and Denial of Insurance Benefits—Statute of Limitations—Statutory Interpretation.**

In this case, the supreme court considers a certified question from the U.S. District Court for the District of Colorado.  Specifically, the supreme court determines whether the one-year statute of limitations found in section 13-80-103(1)(d), C.R.S. (2017), governs actions under section 10-3-1116(1), C.R.S. (2017), which creates a cause of action to address the unreasonable delay or denial of insurance benefits.  The supreme court concludes that the one-year statute of limitations does not apply to actions brought under section 10-3-1116(1) because the legislature did not intend section 10-3-1116(1) to operate as a penalty within the context of the statutory scheme.  Consequently, the certified question is answered in the negative.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2018 CO 44

### Supreme Court Case No. 17SA31

*Certification of Question of Law*
United States District Court for the District of Colorado
Case No. 15CV2560-WJM-MJW

#### Plaintiff:

Rooftop Restoration, Inc., a Colorado corporation,

v.

#### Defendant:

American Family Mutual Insurance Company, a Wisconsin corporation.

### Certified Question Answered

*en banc*
May 29, 2018

**Attorneys for Plaintiff:**
Levin Sitcoff PC
Bradley A. Levin
Nelson A. Waneka
        *Denver, Colorado*

Furtado Law PC
David J. Furtado
Rodney J. Monheit
        *Denver, Colorado*

**Attorneys for Defendant:**
Campbell, Latiolais & Averbach, LLC
Colin C. Campbell
Kirstin M. Dvorchak
        *Greenwood Village, Colorado*

**Attorneys for Amicus Curiae Colorado Defense Lawyers Association:**
Gordon & Rees LLP
John R. Mann
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association:**
Keating Wagner Polidori Free, P.C.
Zachary C. Warzel
Melissa A. Hailey
  *Denver, Colorado*

**Attorneys for Amicus Curiae United Policyholders:**
The Fowler Law Firm, LLC
Timms R. Fowler
  *Fort Collins, Colorado*

Taussig, Taussig & Smith, P.C.
Scott D. Smith
  *Denver, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

2

¶1     The U.S. District Court for the District of Colorado certified a question to us regarding the statute of limitations applicable to section 10-3-1116, C.R.S. (2017), which governs claims for unreasonable delay or denial of insurance benefits.  Specifically, we accepted jurisdiction under C.A.R. 21.1 to answer the following question from the district court:

> Is a claim brought pursuant to Colorado Revised Statutes § 10-3-1116 subject to the one-year statute of limitations found in Colorado Revised Statutes § 13-80-103(1)(d) and applicable to "[a]ll actions for any penalty or forfeiture of any penal statutes"?

We hold that the one-year statute of limitations found in section 13-80-103(1)(d), C.R.S. (2017), does not apply to an action brought under section 10-3-1116(1) because section 10-3-1116(1) is not an "action[] for any penalty or forfeiture of any penal statute[]" within the meaning of section 13-80-103(1)(d).  Therefore, we answer the certified question in the negative.

## I.  Facts and Procedural History

¶2     Denish and Betty Jo Chastain held an insurance policy issued by the defendant, American Family Mutual Insurance Company ("American Family").  On August 30, 2013, the Chastains submitted a claim to American Family for hail damage to their roof. American Family inspected the Chastains' home and on September 3, 2013, estimated that the cost to repair the hail damage was less than the policy's $1000 deductible.  The Chastains disagreed with American Family's estimate and subsequently assigned their claim against American Family to their contractor, the plaintiff in this case, Rooftop Restoration, Inc. ("Rooftop").

¶3    On May 13, 2014, Rooftop sent American Family an estimate which indicated that the cost to repair the hail damage was approximately $70,000. On May 28, 2014, American Family re-inspected the Chastains' home and increased its estimate of the covered damage to approximately $4000. American Family sent the Chastains a payment for approximately $3000—$4000 less their $1000 deductible—on May 30, 2014.

¶4    More than one year later, on September 11, 2015, Rooftop filed a complaint against American Family in Denver District Court asserting two claims for relief: (1) breach of contract; and (2) unreasonable delay or denial of insurance benefits under section 10-3-1116(1). American Family removed the case to federal district court pursuant to federal diversity jurisdiction and moved for partial summary judgment, arguing that Rooftop's statutory claim for unreasonable delay or denial of insurance benefits under section 10-3-1116(1) was barred by the one-year statute of limitations provided in section 13-80-103(1)(d). Recognizing that no Colorado appellate court had addressed this issue, the district court denied the summary judgment motion as premature and certified the question of law to this court. We accepted the certified question.

## II. Standard of Review

¶5    The certified question raises an issue of statutory interpretation, which we review de novo. Goodman v. Heritage Builders, Inc., 2017 CO 13, ¶ 5, 390 P.3d 398, 401.

## III. Analysis

¶6    The one-year statute of limitations in section 13-80-103(1)(d) applies to "[a]ll actions for any penalty or forfeiture of any penal statutes." Although we have

4

previously used a three-part test for determining whether a particular cause of action operates as a penalty, we now hold that that test is only appropriate, indeed only necessary, where the intent of the legislature is not clear. In this instance, after consulting an intimately related provision of state law, we conclude that the legislature did not intend for the one-year statute of limitations found in section 13-80-103(1)(d) to apply to section 10-3-1116(1).

¶7 To reach this conclusion, we first consider our previously adopted three-part test and discuss why it is not applicable here. Next we examine section 13-80-103(1)(d) and conclude that the legislature intended that one-year statute of limitations to apply only to a very specific family of legal actions, of which section 10-3-1116 is not a member.

## A. The Kruse Test

¶8 In Kruse v. McKenna, 178 P.3d 1198, 1201 (Colo. 2008), we distilled a three-part test to determine whether a statute is penal from two prior decisions of this court: Palmer v. A.H. Robins Co., 684 P.2d 187, 214 (Colo. 1984), and Carlson v. McCoy, 566 P.2d 1073, 1075 (Colo. 1977). Under the Kruse test, a statute is deemed penal if: (1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages. Kruse, 178 P.3d at 1201; Palmer, 684 P.2d at 214; Carlson, 566 P.2d at 1075.

¶9 American Family urges us to use the Kruse test to identify the character of section 10-3-1116, rather than looking to the text of the statute of limitations and the

associated accrual provision to determine the intent of the legislature. We decline to do so. Those prior decisions failed to consider the intent of the legislature as evidenced by the statutory text and the broader statutory scheme in violation of a core tenet of statutory interpretation. See Goodman, ¶ 7, 390 P.3d at 401. Accordingly, we now hold that the Kruse test is not applicable when the intent of the legislature is clear that a particular cause of action is or is not governed by a certain statute of limitations. Indeed, even if a statute satisfied the Kruse test, that result would be meaningless if the legislature explicitly determined that the statute was not penal for the purposes of applying the appropriate statute of limitations. And, because our primary task when construing statutory text is to give effect to the legislature's intent, id., it follows that if the legislature even implicitly indicates that a statute is not penal for the purposes of identifying the correct statute of limitations, then our judicially created test must yield to the intent of the legislature.

¶10 Although our decision today does not apply the Kruse test, we note that it may be useful in other contexts and do not necessarily abandon it entirely. E.g., Kruse, 178 P.3d at 1198 (considering whether a claim under the Telephone Consumer Protection Act was assignable to a third-party).[1] For example, the Kruse test may still prove useful

---

[1] While the decision in Kruse faithfully applied the Kruse test as it then stood, it also concluded that if a cause of action is penal in nature then it cannot be assigned to a third-party. 178 P.3d at 1198 (assuming that section 13-20-101, C.R.S. (2003), the survival statute, prohibits the survivability of "penalties"). That conclusion, however, rested on a flawed reading of the survival statute, and we now abandon that interpretation. Guarantee Trust Life Ins. Co. v. Estate of Casper, 2018 CO 43, ¶ 10, __ P.3d __.

in cases where the intent of the legislature is not clear from the plain meaning of the relevant statutory text when viewed in the context of the statutory scheme as a whole. But because the intent of the legislature in this instance is clear, as discussed below, the three-part test is irrelevant to our resolution of the certified question. Instead, we turn to the text of the statutory scheme itself.

### B. The One-Year Statute of Limitations

¶11 Section 13-80-103(1)(d) provides for a one-year statute of limitations for "[a]ll actions for any penalty or forfeiture of any penal statutes." But the statute does not define "penal"; similarly, section 10-3-1116 does not identify itself as a particular class of statute, penal or otherwise. Therefore, we must examine the statutory context to determine whether the limitations period provided in section 13-80-103(1)(d) applies to a claim for unreasonable delay or denial of insurance benefits under section 10-3-1116.

¶12 When we interpret a statute, our objective is to effectuate the legislature's intent. Goodman, ¶ 7, 390 P.3d at 401. We begin with the statutory language itself and give the text its ordinary and commonly accepted meaning. Id. And we consider the statutory text as a whole, giving "consistent, harmonious, and sensible effect to all of its parts and avoiding constructions that would render any words or phrases superfluous or lead to illogical or absurd results." Pineda-Liberato v. People, 2017 CO 95, ¶ 22, 403 P.3d 160, 164. We aim to ascribe the same meaning to words or phrases used throughout a statutory scheme, absent any manifest indication to the contrary. Sigala v. Atencio's Market, 184 P.3d 40, 45–46 (Colo. 2008). If the statutory language is clear and

7

unambiguous, we look no further.  Hernandez v. Ray Domenico Farms, Inc., 2018 CO 15, ¶ 6, 414 P.3d 700, 702.

¶13    Integral to any statute of limitations is the time of accrual: the time when the proverbial clock starts ticking and the statute of limitations begins to run.  Without some date of accrual, a statute of limitations never begins to run.  As a result, the legislature has established a handful of separate dates of accrual which apply in particular circumstances.  § 13-80-108, C.R.S. (2017).  When establishing a statute of limitations, the legislature necessarily connects the statute of limitations to one of the dates of accrual laid out in section 13-80-108.  See, e.g., §§ 13-80-102(1), -103(1).

¶14    The one-year statute of limitations found in section 13-80-103(1)(d) applies to "actions for any penalty or forfeiture of any penal statutes."  We first consider the plain statutory text.  The term "penalty," as commonly used, means "[p]unishment imposed on a wrongdoer, usually in the form of imprisonment or fine; especially a sum of money exacted as punishment for either a wrong to the state or a civil wrong (as distinguished from compensation for the injured party's loss)."[2]  Penalty, Black's Law Dictionary (10th ed. 2014).  The fact that a penalty, as defined above, is "usually in the form of imprisonment or fine" indicates that a penalty is often something imposed by the state—a quality that section 10-3-1116(1) lacks.  However, the above definition does not

---

[2] Under this definition, penalties clearly carry a punitive element.  However, we note that a cause of action is not necessarily a penalty, as that word is used by the legislature, simply because it carries a punitive element.

wholly foreclose that section 10-3-1116(1) could qualify as a penalty. Consequently, we next consider the statutory text in the context of the statutory scheme as a whole.

¶15　　In particular, we consider the interplay between the one-year statute of limitations, section 13-80-103(1)(d), and the accrual statute, section 13-80-108, both of which were repealed and reenacted in the same 1986 legislation. 1986 Colo. Sess. Laws 695. The accrual statute provides that "[a] cause of action for penalties shall be deemed to accrue when the determination of overpayment or delinquency for which such penalties are assessed is no longer subject to appeal." § 13-80-108(9). A cause of action under section 10-3-1116(1), however, never leads to a determination of overpayment or delinquency. Thus, if such a claim is deemed a cause of action for penalties in the meaning of section 13-80-108(9), the claim would <u>never</u> accrue, and the statute of limitations would be rendered meaningless. Nothing in the statute suggests that the legislature intended section 10-3-1116(1) to operate outside any statute of limitations. Nor is there any "manifest indication" that the legislature intended the words "penal" or "penalties" to carry unique meanings in different parts of the statutory scheme. <u>See</u> <u>Sigala</u>, 184 P.3d at 45–46. Consequently, it appears that the legislature considered a defining feature of a cause of action for penalties to be a determination of either overpayment or delinquency and that defining feature is conspicuously absent from a cause of action under section 10-3-1116(1), where an insured must only file a complaint alleging that an insurer delayed or denied the payment of insurance benefits without a reasonable basis.

¶16 American Family argues that the accrual statute is not before us. But while the certified question does not squarely address the accrual statute, we review statutory language in context when determining the intent of the legislature, Pineda-Liberato, ¶ 22, 403 P.3d at 164, and the accrual statute is directly implicated by the one-year statute of limitations found in section 13-80-103(1)(d). American Family also argues that if the accrual statute is relevant to our decision, then we should determine that a claim under section 10-3-1116(1) accrues under section 13-80-108(8), a catchall provision that establishes the accrual date for a "cause of action for losses or damages not otherwise enumerated" in the accrual statute. But were we to adopt American Family's strained reading of the statutory scheme, a cause of action under section 10-3-1116(1) would simultaneously be both a cause of action "for penalty or forfeiture of any penal statute" (under section 13-80-103(1)(d)) and a "cause of action for losses or damages" (under section 13-80-108(8)). That is precisely the type of incongruous interpretation we avoid when considering statutory text in the context of the broader scheme, especially considering that both sections were modernized and reenacted in the same 1986 legislation. See Pineda-Liberato, ¶ 22, 403 P.3d at 164 (citing Doubleday v. People, 2016 CO 3, ¶ 19, 364 P.3d 193, 196). Accordingly, we hold that the one-year statute of limitations found in section 13-80-103(1)(d) does not apply to a cause of action brought pursuant to section 10-3-1116(1).

## IV. Conclusion

¶17     We answer the certified question in the negative and return this case to the district court for further proceedings.