Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 29, 2018

**2018 CO 42**

**No. 15SC934, <u>Am. Family Mut. Ins. Co. v. Barriga</u>—Unreasonable Delay and Denial of Insurance Benefits—Damages.**

In this case, the supreme court considers the operation of a statutory scheme that prohibits the unreasonable delay or denial of insurance benefits. Specifically, the court considers whether an award of damages under section 10-3-1116(1), C.R.S. (2017), must be reduced by an insurance benefit unreasonably delayed but ultimately recovered by an insured outside of a lawsuit. The supreme court holds that an award under section 10-3-1116(1) must not be reduced by an amount unreasonably delayed but eventually paid by an insurer because the plain text of the statute provides no basis for such a reduction. The court further concludes that the general rule against double recovery for a single harm does not prohibit a litigant from recovering under claims for both a violation of section 10-3-1116(1) and breach of contract. The decision of the court of appeals is affirmed.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 42

### Supreme Court Case No. 15SC934
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA1944

#### Petitioner:

American Family Mutual Insurance Company,

v.

#### Respondents:

Guillermo Barriga and Evelia Barriga.

### Judgment Affirmed
*en banc*
May 29, 2018

**Attorneys for Petitioner:**
Campbell Latiolais & Averbach, LLC
Colin C. Campbell
  *Denver, Colorado*

**Attorneys for Respondents:**
Law Office of Samuel G. Livingston
Samuel G. Livingston
  *Golden, Colorado*

Roy W. Penny, Jr.
  *Denver Colorado*

**Attorneys for Amicus Curiae Colorado Defense Lawyers Association**
Montgomery Amatuzio Dusbabek Chase, LLP
John R. Chase
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Trial Lawyers Association**
The Gold Law Firm, LLC
Michael J. Rosenberg
*Greenwood Village, Colorado*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1 In this case, we consider the operation of a statutory scheme that expressly prohibits the unreasonable delay or denial of insurance benefits. Specifically, we consider whether an award of damages under section 10-3-1116(1), C.R.S. (2017), must be reduced by an insurance benefit unreasonably delayed but ultimately recovered by an insured outside of a lawsuit.[1] We hold that an award under section 10-3-1116(1) must not be reduced by an amount unreasonably delayed but eventually paid by an insurer because the plain text of the statute provides no basis for such a reduction. We also conclude that our general rule against double recovery for a single harm does not prohibit a litigant from recovering under claims for both a violation of section 10-3-1116(1) and breach of contract. We therefore affirm the decision of the court of appeals.

## I. Facts and Procedural History

¶2 In 2009, a fire started in an apartment building owned by respondents Guillermo and Evelia Barriga and insured by petitioner American Family Mutual Insurance Company ("American Family"). After the fire, the Barrigas and American Family coordinated for a contractor to begin repairs at the apartment building. American Family made various payments to and on behalf of the Barrigas, totaling $209,816.43. However, after a substantial amount of repair work had been completed, the contractor revised its estimate for the cost of the repairs. The revised estimate was higher than

---

[1] We granted certiorari to review the following issue:

1. Whether the court of appeals erred in interpreting the statutory penalty provision in sections 10-3-1115 and 10-3-1116, C.R.S. (2015), which references "two times the covered benefit," in a manner so as to preclude setoff for an insurer's prior payment of the covered benefit itself in calculating the penalty owed.

American Family's initial estimate, primarily because of the need for additional repairs and asbestos remediation. In response to the revised estimate, American Family initiated the third-party appraisal process outlined in the insurance policy intended to provide an impartial assessment of the needed repair costs. The third-party appraiser fixed the award at $322,141.79. American Family then paid that award, less the $209,816.43 that had been previously paid to the Barrigas, resulting in a payment of $122,325.36. American Family also made an additional payment of $5435.44 for emergency board-up services.

¶3 Raising a number of concerns with the insurance appraisal process, the Barrigas sued American Family for breach of contract, common law bad-faith breach of insurance contract, and unreasonable delay and denial of insurance benefits under section 10-3-1116(1). The jury found for the Barrigas on all claims, awarding damages, as relevant here, of $9270 for breach of contract and $136,930.80 for benefits unreasonably delayed or denied.

¶4 Section 10-3-1116(1) provides that a plaintiff "whose claim for payment of benefits has been unreasonably delayed or denied may . . . [recover] <u>two times the covered benefit</u>" (emphasis added). Applying this statute, the trial court first determined that the total jury verdict on the statutory claim ($136,930.80) comprised two parts: (1) $9270 in benefits unreasonably <u>denied</u> (equivalent to the separate verdict on the breach-of-contract claim); and (2) $127,660.80 in benefits unreasonably <u>delayed</u>.[2]

---

[2] Because the verdict form did not specifically identify which benefits were unreasonably delayed versus those that were unreasonably denied, the trial court was

4

The trial court then concluded that the statute's "two times the covered benefit" language required it first to double the total jury verdict for benefits unreasonably delayed <u>or</u> denied, but then to reduce that product by the amount of benefits unreasonably <u>delayed</u>. The trial court reasoned that failing to reduce an award by the amount of benefits delayed but eventually paid to the insured would place an insured who suffered only an unreasonably delayed claim in a better position than an insured whose claim was wholly denied without a reasonable basis. The trial court concluded that that result would be "absurd and unintended." Accordingly, the trial court first doubled the total statutory verdict ($136,930.80 x 2 = $273,861.60), then reduced that award by $127,660.80, the amount of benefits unreasonably delayed but eventually paid as found by the jury, resulting in a total award on the statutory claim of $146,200.80.

¶5     The court of appeals disagreed with the trial court's approach. Instead, the court of appeals noted that the text of section 10-3-1116(4) expressly preserves "other actions available by statute or common law" and interpreted the statutory text as permitting recovery of two times the covered benefit delayed or denied in addition to any recovery of that benefit through another source. We granted American Family's cross-petition for certiorari to consider only whether the court of appeals erred in holding that an

left to draw several inferences in reaching its conclusion. We do not address those inferences, except to note that the $127,660.80 figure the trial court identified as unreasonably <u>delayed</u> benefits is nearly equivalent to the sum of the benefits paid by American Family only after the third-party appraiser's award ($122,325.36) and the cost of the emergency board-up services ($5435.44) which were initially paid, then later deducted by American Family from the appraiser's award, and then re-paid by American Family.

award under section 10-3-1116(1) should not be reduced by the amount of unreasonably delayed benefits. We now affirm the court of appeals' decision.

## II. Standard of Review

¶6    This case presents a question of statutory interpretation, which we review de novo. Goodman v. Heritage Builders, Inc., 2017 CO 13, ¶ 5, 390 P.3d 398, 401.

## III. Analysis

¶7    Section 10-3-1116(1) establishes a statutory cause of action whereby an insured can "recover reasonable attorney fees and court costs and two times the covered benefit," after showing that its insurer unreasonably delayed or denied payment of that benefit. This case requires us to decide whether an award of "two times the covered benefit" under section 10-3-1116(1) must be reduced by payments that were unreasonably delayed but that an insured eventually received through an insurance contract. To do so, we first consider the statutory text of sections 10-3-1115, C.R.S. (2017), and 10-3-1116 and conclude that the statutes require no such reduction. We then address the concern, raised by the trial court, that failing to require a reduction will place an insured whose benefits were wholly denied in a worse position than an insured whose benefits were merely delayed, and we reject that concern as misplaced.

### A. The Statutory Text of Sections 10-3-1115 and -1116

¶8    When interpreting a statute, as we do in this instance, our primary goal is to give effect to the intent of the legislature. Goodman, ¶ 7, 390 P.3d at 401. Our starting point is the statutory text and we give that text its plain and ordinary meaning. Id. We must consider the statutory text as a whole, and give "consistent, harmonious, and sensible

effect to all of its parts and avoid[] constructions that would render any words or phrases superfluous or lead to illogical or absurd results." Pineda-Liberato v. People, 2017 CO 95, ¶ 22, 403 P.3d 160, 164. And if the statutory language is clear and unambiguous, we look no further. Id.

¶9 Sections 10-3-1115 and 10-3-1116 operate concomitantly through cross-reference. Section 10-3-1115(1)(a) prohibits an insurer from unreasonably delaying or denying the payment of a claim for benefits to an insured, while section 10-3-1116(1) creates a cause of action to address insurer behavior that violates the prohibition found in section 10-3-1115(1)(a). As relevant here, an insured can recover "two times the covered benefit" upon proving that the insurer unreasonably delayed or denied a benefit. § 10-3-1116(1). The statute also states that "[t]he action authorized in [section 10-3-1116(1)] is in addition to, and does not limit or affect, other actions available by statute or common law, now or in the future. Damages awarded pursuant to [section 10-3-1116(1)] shall not be recoverable in any other action or claim." § 10-3-1116(4).

¶10 Beginning with the text of the statute, as we must, two things are readily apparent. The first is that the statutory text makes no explicit command that an award pursuant to section 10-3-1116(1) be reduced by the amount of benefits the jury concluded had been unreasonably delayed by the insurer. The second is that the legislature clearly intended to preserve a plaintiff's ability to pursue any and all related causes of action "in addition to" the statutory cause of action created by section 10-3-1116(1). See § 10-3-1116(4).

7

¶11     With those observations as a starting point, we conclude that the statute does not require the reduction applied by the trial court for two reasons. First, the absence of any specific textual command to reduce an award under section 10-3-1116(1) certainly weighs against finding that the legislature intended such a drastic revision to the award established by that same section. Rather than read either the absence of a specific textual command requiring the reduction of an award under section 10-3-1116(1) or the absence of any clause differentiating a delayed benefit from a denied benefit as ambiguity, we instead conclude that the statute provides no basis for such a reduction. Had the legislature intended such a reduction, it would have clearly announced such an important element of the statutory scheme. Instead, section 10-3-1116(1) presents no indication that delayed payments are to be treated differently from denied payments and section 10-3-1116(1), by its plain text, applies with equal force in either a case of delayed benefits or a case of denied benefits.[3]

---

[3] American Family argues that we have previously decided an analogous case in Carlson v. McCoy, 566 P.2d 1073, 1075 (Colo. 1977), where we held that section 38-12-103, C.R.S. (1973), a statutory cause of action that provides for an award of three times a security deposit wrongfully withheld by a landlord, is part remedial—constituting the security deposit itself—and part penal—constituting two times the security deposit withheld. However, in Carlson, we were not confronted with a scenario in which the injured party had received a returned security deposit outside of its legal claim. See 566 P.2d at 1075. Moreover, section 10-3-1116(1) expressly applies with equal force in a case of either denied or delayed benefits whereas it is not clear that the treble award found in section 38-12-103 is available in the case of a delayed, but eventually paid, security deposit. See Mishkin v. Young, 107 P.3d 393, 398 (Colo. 2005) ("[T]he purpose of the seven-day period following a tenant's demand notice is to give landlords one last opportunity to avoid treble damages only by returning the entire security deposit."). Finally, we note that our decision in Carlson has been called into question by our decision in Rooftop Restoration, Inc. v. American Family Mutual Insurance Co., 2018

¶12 Second, the statutory scheme as a whole suggests that the legislature did not intend to limit a plaintiff's recovery under section 10-3-1116(1) based on the delayed payments that the plaintiff eventually received. American Family points to the second sentence of section 10-3-1116(4)—which provides that "[d]amages awarded pursuant to this section shall not be recoverable in any other action or claim"—and contends that this language requires the reduction that the trial court applied. But that argument misses the mark. When a plaintiff recovers damages under section 10-3-1116(1), the plain text of section 10-3-1116(4) affects the plaintiff's ability to recover in <u>other</u> causes of action or claims for relief. The trial court's order, however, reduced the award the Barrigas received under their section 10-3-1116(1) claim itself, a decision that is without textual basis in the statute. And, more importantly, that same subsection limits the damages "recoverable in any other <u>action or claim</u>." § 10-3-1116(4) (emphasis added). In the Barrigas' case, however, the payments that were unreasonably delayed but eventually paid, as found by the jury, were not recovered in an "action or claim" and were instead simply recovered pursuant to the third-party appraisal process outlined in the insurance agreement between the Barrigas and American Family. Ultimately, American Family employs an inverted reading of section 10-3-1116(4) to argue that it provides a textual basis for reducing an award under section 10-3-1116(1) by the amount of delayed, but eventually paid, funds. However, that reading is foreclosed by the statute's plain text which, again, provides no basis for treating delayed benefits

---

CO 44, ¶ 15, __ P.3d __ (holding that legislative intent is critical to identifying the appropriate statute of limitations).

differently than denied benefits and also does not address a monetary amount not recovered in an action or claim, like the amount found by the jury to have been unreasonably delayed, but eventually paid, by American Family.

## B. The Rule Against Double Recovery

¶13 The trial court's decision to reduce the Barrigas' award was largely rooted in its perception that an insured that faced an outright denial of benefits would be worse off than an insured that faced only a delay of benefits if the award granted to the latter party was not reduced by the payments delayed but eventually paid. More particularly, the trial court was concerned that if it did not reduce the award by the amount the jury identified as unreasonably delayed, then the Barrigas would effectively recover three times that benefit—first independent of the jury's verdict in their favor under section 10-3-1116(1), and then a second and third time under section 10-3-1116(1). And, in the trial court's view, a similar party who suffered only unreasonably denied benefits, would recover only two times that benefit under the terms of section 10-3-1116(1), with no recovery of the denied benefit outside of a favorable jury verdict under that section. We conclude that the trial court's concern was misplaced. An insured may bring a breach-of-contract claim in addition to a claim under section 10-3-1116(1) and, if successful on that breach-of-contract claim, the insured whose benefits were denied could conceivably recover the same amount as the insured whose damages were delayed, meaning the absurd result envisioned by the trial court would not come to pass.

¶14    American Family argues that permitting recovery both under a breach-of-contract claim and a claim under section 10-3-1116(1) contravenes Colorado's general rule against double recovery for the same injuries. American Family rests that argument primarily on <u>Lexton-Ancira Real Estate Fund, 1972 v. Heller</u>, 826 P.2d 819 (Colo. 1992). We disagree with American Family's assessment of that decision.

¶15    In <u>Heller</u>, we addressed the intersection of two claims for relief: a claim for common law misappropriation and a claim under the Deceptive Trade Practices Act, as adopted by the Colorado Consumer Protection Act. 826 P.2d at 820. In that case, the jury returned a verdict that included, in relevant part, an award of $2 million in compensatory damages under <u>both</u> the common law claim and the statutory claim, for a total of $4 million in compensatory damages. <u>Id.</u> at 821. After noting that the general rule in Colorado is that a plaintiff cannot receive a double recovery for the "same wrong," we held that the plaintiff was not entitled to both awards of compensatory damages. <u>Id.</u> at 823–24. Rather than basing our conclusion on any specific statutory text, we instead determined that "the acts constituting the deceptive trade practices act violation [were] not factually separable from the acts complained of under the [common law claim]." <u>Id.</u> at 823. In reaching that conclusion, we also noted that plaintiff's proposed jury instructions indicated that the wrongdoing that served as the basis for both claims was identical. <u>Id.</u> Consequently, the plaintiff could not recover compensatory damages under both claims for relief. <u>Id.</u> at 823–24.

¶16    However, a claim for breach of contract and a claim for unreasonable delay or denial of insurance benefits rely on two different sets of facts. To prevail on a breach-of-

contract claim, an insured need only prove the existence of a contract and that the insurer breached the terms of that contract. In order to be successful on a claim under section 10-3-1116(1), however, the insured must show that the insurer's denial or delay of payment "was without a reasonable basis." § 10-3-1115(2). Indeed, those differences are highlighted by the jury instructions tendered by the trial court in this case. Therefore, because the acts implicating the breach-of-contract claim are "factually separable" from the acts underlying the statutory claim, the two claims do not return an award for the same wrong, thus obviating the trial court's concern that, without the reduction it put in place, an insured who faced an unreasonable <u>delay</u> of benefits would be in a superior position compared to a similar insured who faced an unreasonable <u>denial</u> of benefits.

## IV. Conclusion

We conclude that the statutory text of section 10-3-1116(1) precludes the award reduction adopted by the trial court. Moreover, the concern that our interpretation results in an absurd and unfair result is addressed by the possibility that an insured can pursue a breach-of-contract action in addition to an action under section 10-3-1116(1). Therefore, we affirm the court of appeals.